# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT EDWIN JACOBSEN, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Case No. 4:08-CV-354 |
| | § | |
| JOHN SRAMEK and | § | |
| BERNADETTE SRAMEK, | § | |
| | § | |
| Appellees. | § | |

# MEMORANDUM OPINION AND ORDER RESOLVING
# APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION
# (CASE NUMBER 07-41092)

Jacobsen ("the Debtor") appeals the bankruptcy court's August 13, 2008 "Order Overruling Debtor's Objection to Proof of Claim of John Sramek and Bernadette Sramek (Claim No. 12)." In the order, the bankruptcy court overruled and denied the Debtor's objection to John Sramek and Bernadette Sramek, individually and as Trustees of the John Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, ("the Creditors") proof of claim (Claim No. 12). Having reviewed the bankruptcy court's order and the parties' briefs, the court finds that the bankruptcy court's order should be affirmed.

## BACKGROUND

On May 25, 2007 (the "Petition Date"), the Debtor filed his voluntary Chapter 13 bankruptcy petition in the Sherman Division of the United States Bankruptcy Court for the Eastern District of

Texas. The bankruptcy court subsequently converted the Debtor's case to a Chapter 7 proceeding.[1]

On June 25, 2007, the Debtor filed his bankruptcy schedules and his statement of financial affairs. In his bankruptcy schedules (Schedule F), the Debtor listed John Sramek as a creditor holding an unsecured, nonpriority claim in the amount of $1,627,536.38. The Debtor listed the claim as contingent, unliquidated and disputed. Under the item designated "consideration" for the debt to Sramek, the Debtor noted "civil lawsuit." Additionally, the Debtor described the Creditors' lawsuit against him in his statement of financial affairs as a "[c]ivil cause of action alleging, inter alia, real estate fraud."

Thereafter, the Creditors filed their proof of claim (Claim No. 12 on the bankruptcy court's claims register) on September 10, 2007 for money loaned to the Debtor on May 20, 2004. The amount claimed in the Creditors' unsecured, nonpriority proof of claim was $1,735,208.20. In an attachment to their proof of claim, the Creditors provided the following information:

> Pursuant to the attached Order Granting Motion of Plaintiffs for Summary Adjudication [in the aforementioned civil lawsuit referenced by the Debtor], the claimants herein, John Sramek and Bernadette Sramek, individually and as Trustees of the John Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust ("the Srameks") were owed the sum of $1,627,536.68, as of October 31, 2006, on which interest has continued to accrue at the rate of $410.96 per day from and after October 31, 2006. As of July 20, 2007, the sum of $1,735,208.20 was due and owing to the Srameks by the debtor herein, Robert E. Jacobsen, exclusive of costs and attorneys' fees.

The Creditors also attached four documents to their proof of claim. First, the Creditors

---

[1] The Debtor filed a notice of appeal with this court concerning the bankruptcy court's conversion of his case from a Chapter 13 proceeding to a Chapter 7 proceeding. On December 8, 2008, the United States District Court for the Eastern District of Texas, Folsom, J., affirmed the bankruptcy court's order of conversion. *See* 4:08-cv-99 (docket entry #23). The Debtor subsequently appealed the district court's ruling to the United States Court of Appeals for the Fifth Circuit. On April 21, 2009, the Fifth Circuit dismissed the Debtor's appeal for want of prosecution.

attached a "Straight Note" which was executed on October 29, 2003 by the Debtor as president of REJ Properties, Inc., payable to Osprey Investment Corporation in the amount of $1,250,000. Second, the Creditors attached a "Note Modification" which was executed on May 19, 2004 by the Debtor as president of REJ Properties, Inc. and Michael Alberson as president of Osprey Investment Corporation. The Note Modification extended the term of the Straight Note from December 31, 2004 to January 31, 2006. Additionally, the Note Modification increased the interest rate from 7% to 12%.

Third, the Creditors attached an "Assignment of Deed of Trust" which was executed on May 19, 2004 by Michael Alberson as president of Osprey Investment Corporation and which granted, assigned and transferred the Straight Note to the Creditors. Finally, the Creditors attached an order from the civil lawsuit between the Creditors and the Debtor. The order states, in pertinent part, as follows:

> Therefore, **IT IS HEREBY ORDERED** that plaintiffs' motion for summary adjudication on the issue of breach of contract on the first cause of action of the first amended complaint is granted and that judgment in favor of plaintiffs, the SRAMEKS, and against REJ Properties, Inc., shall be entered accordingly after trial of this action on the remaining causes of action.

The Debtor subsequently filed his objection to the Creditors' proof of claim on June 30, 2008. After considering the Debtor's objection and conducting a hearing on the same, the bankruptcy court overruled the Debtor's objection to the Creditors' proof of claim. Thereafter, the Debtor filed his notice of appeal to this court.

## LEGAL STANDARD

This court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1) (2006). The court reviews legal conclusions of the

bankruptcy court *de novo*. *United States Dep't. of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003). The findings of fact made by the bankruptcy court will not be disturbed unless found by the district court to be clearly erroneous. **FED. R. BANKR. P.** 8013.

### DISCUSSION AND ANALYSIS

A creditor may file a proof of claim in a debtor's case. 11 U.S.C. § 501(a). A proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). "'A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim.'" *In re Armstrong*, 320 B.R. 97, 102 (N.D. Tex. 2005), quoting **FED. R. BANKR. P.** 3001(f).

"Sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rule 3001 provide that 'a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets.'" *Id.*, quoting *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). "The claimant will prevail unless a party who objects to the proof of claim produces evidence to rebut the claim." *Id.* (citation omitted). "This can be done by the objecting party producing specific and detailed allegations that place the claim into dispute, *see In re Lenz*, 110 B.R. 523, 525 (D. Colo. 1990); by the presentation of legal arguments based upon the contents of the claim and its supporting documents, *see In re Circle J Dairy*, 112 B.R. [297, 300 (W.D. Ark. 1989)]; or by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question, *see In re Frontier Airlines, Inc.*, 112 B.R. 395, 399-400 (D. Colo. 1990)." *In re Rally Partners, L.P.*, 306 B.R. 165, 168-69 (E.D. Tex. 2003). "Upon production of this rebuttal evidence, the burden shifts to the claimant to prove its claim by a preponderance of the evidence." *In re Armstrong*, 320 B.R. at 102-3 (citation omitted). "However,

the ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context." *Id.* at 103.

"A proof of claim shall conform substantially to the appropriate Official Form." **FED. R. BANKR. P.** 3001(a). If a proof of claim is based on a writing, "the original or a duplicate shall be filed with the proof of claim." **FED. R. BANKR. P.** 3001(c). Official Form 10, the appropriate form to use when filing a proof of claim, provides as follows:

> 7. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

"A proof of claim to be sufficient to establish *prima facie* validity of the debt must meet the requirements of Bankruptcy Rule 3001 and Official Form 10." *In re Armstrong*, 320 B.R. at 103. "Bankruptcy Rule 3001 requires that a proof of claim: (1) be in writing; (2) make demand on the debtor's estate; (3) express the intent to hold the debtor liable for the debt; (4) be properly filed; and (5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim." *Id.* at 103-4 (citations omitted). "A 'properly filed' proof of claim, as proscribed by the Judicial Conference in Official Form 10, consists of '(1) a creditor's name and address, (2) basis for claim, (3) date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents.'" *Id.* at 104 (citation omitted). "If, however, the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, *e.g.*, by failing to attach sufficient documentation to comply with FED. R. BANKR. P. 3001(c), the claim is not automatically disallowed; rather, it is merely deprived of any *prima facie* validity which it could otherwise have obtained." *In*

*re Rally Partners, L.P.*, 306 B.R. at 169.

In the present case, the Debtor argues that the proof of claim and the attachments thereto evidence a claim against REJ Properties, Inc., not the Debtor himself. Accordingly, the Debtor contends that the proof of claim should be disallowed.

The face of the proof of claim reveals that the Creditors made a demand on the Debtor's estate for money loaned in the amount of $1,735,208.20. The attachments to Official Form 10 evidence this debt. While the supporting documents reference REJ Properties, Inc. rather than the Debtor, the documents clearly refer to the pending civil lawsuit against REJ Properties, Inc., the Debtor and others. The civil lawsuit, which was filed in California, seeks damages for fraud, misrepresentation, breach of fiduciary duties, alter ego, receipt of fraudulent transfers, and other tort claims in connection with the fraudulent real estate note transaction made the basis of the Creditors' proof of claim. As explained by the Creditors, the supporting documents were attached to show that the court in the civil action already granted summary judgment in favor of the Creditors and against REJ Properties, Inc. on the Creditors' breach of contract claim. Having reviewed the proof of claim, the court finds that the same was executed and filed in accordance with the Bankruptcy Rules and Official Form 10. As such, the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.

Additionally, the court notes that the Debtor listed the Creditors on his bankruptcy schedules (Schedule F – Creditors Holding Unsecured Nonpriority Claims). While the Debtor stated that the claim was disputed, he listed the amount of the claim as $1,627,536.38, which is the amount sought by the Creditors, exclusive of interest. Further, the Debtor noted in his statement of financial affairs that the nature of the civil action involved real estate fraud. For the Debtor to now argue that the

Creditors' proof of claim evidences merely a breach of contract dispute against REJ Properties, Inc. after listing the lawsuit for the alleged real estate fraud in his bankruptcy schedules and statement of financial affairs is disingenuous. As such, the court finds that the Debtor has failed to produce evidence sufficient to rebut the Creditors' proof of claim.

## CONCLUSION

Based on the foregoing and having applied the appropriate standards of review, the court hereby **AFFIRMS** the holdings of the bankruptcy court.

IT IS SO ORDERED.

**SIGNED this the 4th day of June, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE